Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8721 | **DATE** | 5/20/2003 |
| **CASE TITLE** | WILFREDO LABOY vs. ALEX DISPLAYS, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [15-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|
| No notices required. | | number of notices | | |
| ✓ Notices mailed by judge's staff. | | MAY 2 1 2003 | | |
| Notified counsel by telephone. | | date docketed | | 34 |
| Docketing to mail notices. | | WB | | |
| Mail AO 450 form. | ED-7 FILED FOR DOCKETING 03 MAY 20 PM 3: 17 | docketing deputy initials | | |
| Copy to judge/magistrate judge. | | 5/20/2003 | | |
| | | date mailed notice | | |
| CB | courtroom deputy's initials | PW | | |
| | | mailing deputy initials | | |

Date/time received in central Clerk's Office
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAY 2 1 2003

WILFREDO LABOY,                          )
                                         )
                    Plaintiff,           )      No. 02 C 8721
                                         )
        v.                               )      Suzanne B. Conlon, Judge
                                         )
ALEX DISPLAYS, INC. and CHUCK FELDER,    )
individually,                            )
                                         )
                    Defendants.          )

## MEMORANDUM OPINION AND ORDER

Wilfredo Laboy ("Laboy") sues Alex Displays, Inc. ("Alex Displays") and Chuck Felder

("Felder")(collectively, "defendants") for unpaid overtime compensation in violation of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, as amended by the Portal-to-Portal Act, 29 U.S.C.

§ 251 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105 *et seq.* Defendants

move for summary judgment pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

All facts are undisputed unless otherwise noted. Alex Displays is a family-owned and

operated corporation that designs and builds trade show exhibits. Alex Displays employs between

ten and twelve individuals, including Felder. Felder is sole shareholder and president of Alex

Displays. Felder handles all administrative and accounting matters for the company, including

payroll.

From January 2000 to August 2002, Laboy was employed by Alex Displays as a laborer.

Laboy's job duties included building trade show displays. In addition, Laboy was responsible for

assembling and dismantling trade show displays.

Alex Displays' laborers worked in Chicago most of the time. Approximately three to five

times a year, employees attended trade shows held in Las Vegas and New York. Alex Displays'

laborers, including Laboy, arrived several days before the trade show was scheduled to begin to

assemble the displays. At the end of the show, the laborers dismantled the displays. During the trade

show, the laborers would check on the displays.  The laborers worked approximately the same number of hours at each trade show.

To facilitate payroll, Alex Displays used a bonus system to pay its employees attending trade shows in New York and Las Vegas.  Under the bonus system, each employee received two checks.  The first check reflected payment for forty hours at an employee's regular rate regardless of the number of hours worked during the first week at the trade show.  According to Alex Displays, the second check compensated employees for overtime worked during the trade show.  Alex Displays claims it paid more than one and one-half times the employees' regular rate for overtime at trade shows to compensate for the inconvenience of working away from home, as well as meal expenses in excess of the per diem rate paid to each employee.

Laboy seeks overtime compensation under the FLSA and IMWL for the first week of the trade shows held in Las Vegas and New York.  Specifically, he claims overtime for three weeks in 2000, four weeks in 2001, and three weeks in 2002.

## DISCUSSION

### I.    Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999).  The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion.  *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.    Laboy's Overtime Claims

The parties apparently agree that the overtime provisions of the FLSA and the IMWL are coextensive because neither party addresses Laboy's IMWL claim. The Illinois Administrative Code and Illinois case law support the parties' assumption that if the bonus program used by Alex Displays to compensate Laboy for working overtime complies with the FLSA, the program also complies with Illinois law. *See Condo v. Sysco Corp.*, 1 F.3d 599, 601 n. 3 (7th Cir. 1993), *citing* 56 Ill. Admin. Code § 200.170 (1991) and *Haynes v. Tru-Green Corp.*, 154 Ill. App. 3d 967, 977, 507 N.E.2d 945, 951 (4th Dist. 1987). Therefore, Laboy's federal and state law claims will be considered together under the FLSA's framework.

Employers must compensate employees who work more than forty hours a week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). According to defendants, Laboy was compensated at an amount equal to or greater than one and one-half times his regular rate for all hours worked in excess of forty hours per week. Specifically, defendants claim Laboy cannot establish the number of hours he purportedly worked in excess of forty hours per week; even if he could, he failed to properly calculate his regular rate for determining overtime pay.

### A.    Hours Worked

Laboy bears the burden of proving defendants did not compensate him for completed work. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Laboy must "show the amount and extent of overtime work as a matter of just and reasonable inference." *Id.* Defendants argue Laboy cannot sustain his burden.

Defendants claim Laboy repeatedly contradicted himself during discovery as to the amount of overtime worked. *See* Motion at 4 ("None of plaintiff's testimony is worthy of any credence"). Although Laboy's testimony may be questionable, the court cannot resolve issues of credibility on summary judgment. *See Liberty Lobby*, 477 U.S. at 255. Therefore, the court reviews all facts, including Laboy's testimony, in the light most favorable to Laboy. *See Id.*

As Laboy points out, defendants provide estimates of Laboy's overtime hours.  According to defendants, Laboy worked the following hours at the New York and Las Vegas trade shows:

| Date | Hours |
|------|-------|
| February 2000 | 64 |
| July 2000 | 55 |
| August 2000 | 69 |
| January 2001 | 52 |
| February 2001 | 64 |
| July 2001 | 52 |
| August 2001 | 69 |
| January 2002 | 58 |
| February 2002 | 64 |
| July 2002 | 55 |

Motion, Ex. Q at ¶¶ 64-73, 75.  Laboy is entitled to rely on defendants' estimates to meet his burden of proof.  *Anderson*, 328 U.S. at 687.

## B.     Regular Rate

Defendants next claim Laboy improperly calculated his regular rate in determining the amount allegedly due as overtime compensation.  According to Laboy, payments made under Alex Displays' bonus program must be included in calculating his regular rate.  Under the FLSA, "[t]he regular rate by its very nature must reflect all payment which the parties have agreed shall be received regularly during the work week, exclusive of overtime payments."  *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945).  "To permit overtime premium to enter into the computation of the regular rate would be to allow overtime premium on overtime premium – a pyramiding that Congress could not have intended."  *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 464 (1948).  Therefore, payments made under Alex Display's bonus program must be excluded in calculating Laboy's regular rate only if the payments were for overtime.

Defendants take issue with Laboy's change of heart regarding the nature of the bonus payments.  At his deposition, Laboy unequivocally testified that the bonus payments he received for

working trade shows was for overtime. Motion, Ex. D at 48-51. In his affidavit filed in response to defendants' summary judgment motion, Laboy changed his mind, claiming:

> After reviewing the pay stubs and the deposition of Mr. Felder, I now remember that the bonus checks for out of town trade show work were paid at the same rate regardless of the number of hours worked while out of town. My original testimony, that the bonuses changed depending upon the number of hours I worked at the out of town trade shows was an honest mistake made during my deposition.

Pl. Resp., Ex. B at ¶ 3. Generally, a party cannot create an issue of fact by submitting an affidavit to contradict prior deposition testimony. *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996). However, Laboy's characterization of the bonus payment is an improper legal conclusion that cannot be considered on summary judgment. *See, e.g., Pfeil v. Rogers*, 757 F.2d 850, 861 (7th Cir. 1985)("Because legal argumentation is an expression of legal opinion and is not a recitation of a 'fact' to which an affiant is competent to testify, legal argument in an affidavit may be disregarded") Indeed, employees cannot waive their entitlement to overtime wages under the FLSA. *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 706 (1945). Although the contradiction in Laboy's testimony may be relevant to his credibility, it does not impact the legal classification of the bonus program.

Defendants demonstrate that payments made under the bonus program should be excluded from the calculation of Laboy's regular rate. Under 29 C.F.R. § 778.201(a):

> Certain premium payments made by employers for work in excess of or outside of specified daily or weekly standard work periods or on certain special days are regarded as overtime premiums. In such case, the extra compensation provided by the premium rates need not be included in the employee's regular rate of pay for the purpose of computing overtime compensation due under section 7(a) of the Act.

Three types of premium payments are outlined in §§ 7(e)(5), (6) and (7) as set forth in § 778.200(a). 29 C.F.R. § 778.201(b). Defendants claim §§ 7(e)(5) and (7) apply:

> As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include –
>
> (5)    Extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) or in excess of the employee's normal working hours or regular working hours, as the case may be; [discussed in §§ 778.201 and 778.202] . . . or;
>
> (7)    Extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or collective bargaining

agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday (not exceeding eight hours) or workweek (not exceeding the maximum workweek applicable to such employee under subsection (a)), where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday or workweek; [discussed in §§ 778.201 and 778.206].

The court need not determine whether the parties had an agreement for purposes of § 7(e)(7), because the payments must be excluded from the regular rate under § 7(e)(5):

The regulation interpreting this provision makes it clear that so long as the overtime compensation is contingent upon the employee having worked in excess of eight hours in a day or in excess of the specified number of hours in the workweek, whether the extra compensation is at a rate greater than, less than, or at one and one-half times the base rate, the extra premium compensation 'may be credited toward statutory overtime payments pursuant to section 7(b) of the Act.'

*Nolan v. City of Chicago*, 125 F. Supp. 2d 324, (N.D. Ill. 2000), *citing* 29 C.F.R. § 778.202(a).

Laboy does not dispute that § 7(e)(5) applies. Instead, he argues § 778.200(a)(3) requires inclusion of the bonus program in the calculation of his regular rate. Section 778.200(a)(3) provides in relevant part:

As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include –

(3)   Sums paid in recognition of services performed during a given period if . . . both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly . . .

29 C.F.R. 200(a)(3)(a). As Laboy concedes, "[t]he bonus payments were expected regularly by the employees who traveled out of town for trade show work." Pl. Resp. at 5. Therefore, § 778.200(a)(3) does not apply and defendants are entitled to a credit for payments made under the bonus program. *See* 29 C.F.R. § 778.201(a)("under section 7(h) this extra compensation may be credited toward the overtime payments required by the Act").

### III.   Failure to Plead Affirmative Defense

Laboy contends defendants cannot take advantage of § 7(e)(5) because they failed to plead that provision as an affirmative defense under Fed. R. Civ. P. 8(c). Defendants concede they failed to plead the defense, but argue their failure is harmless. "The rule that forfeits an affirmative defense

not pleaded in the answer (or by an earlier motion) is . . . not to be applied rigidly." *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1123 (7th Cir. 1998). To the contrary, "appellate courts are not inclined to find a technical failure to comply with Rule 8(c) fatal when the district court has chosen to recognize a belatedly asserted affirmative defense, so long as the record confirms that the plaintiff had adequate notice of the defense and was not deprived of the opportunity to respond." *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997), *citing Blaney v. United States*, 34 F.3d 509, 512-13 & n. 3 (7th Cir. 1994)(collecting cases).

Laboy had adequate notice of the defense. Indeed, Laboy does not identify any prejudice caused by defendants' presentation of the defense for the first time in their summary judgment motion. Defendants filed their summary judgment motion four days after Laboy served them with long overdue supplemental discovery responses ordered by the court. Defendants claim they "had no idea that plaintiff's complaint was limited to the weeks he worked out-of-town for the last three years until they received plaintiff's Rule 26(a) disclosures and discovery responses on April 4, 2003." Reply at 11-12. Nothing in the record indicates defendants' claim is untrue. To the contrary, Laboy's complaint contains only a general statement that defendants owe overtime compensation for hours worked in excess of 40 a week. Laboy does not identify any basis for raising the defense earlier. More importantly, Laboy took advantage of the opportunity to respond to the defense. Under these circumstances, defendants' technical failure to comply with Rule 8(c) is harmless.

## CONCLUSION

Laboy does not dispute that he was paid more than one and one-half times his regular rate if his bonus payments are excluded from the calculation of his regular wage rate. For the reasons stated above, bonus payments for trade show work are excluded in calculating Laboy's regular wage rate. Accordingly, his claim for overtime pay fails.

May 20, 2003                                    ENTER:

                                               *Suzanne B. Conlon*
                                               Suzanne B. Conlon
                                               United States District Judge